UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY ALDRIDGE, | ) |
| Petitioner | ) |
| v. | ) Cause No.: 3:11-CV-224 RLM |
|  | ) (arising out of 3:05-CR-69 RLM) |
| UNITED STATES OF AMERICA, | ) |
| Respondent | ) |

OPINION and ORDER

This matter comes before the court on Larry Aldridge's *pro se* petition challenging his sentence. Mr. Aldridge styled his petition as a motion "under 2241" and this court proposed to construe the petition as a habeas petition under 28 U.S.C. § 2255. *See* Order, April 27, 2011 [Doc. No. 51]. The court gave Mr. Aldridge until May 27, 2011 to either withdraw his petition or to submit further materials in support of a § 2255 petition. Mr. Aldridge has taken no further action.

Mr. Aldridge faced a multiple-count indictment for possession of crack and powder cocaine and guns. Mr. Aldridge pleaded guilty to one count of distributing more than 5 grams of crack cocaine (Count 1), 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense (Count 3), 18 U.S.C. § 924(c). On January 30, 2006, this court sentenced Mr. Aldridge to 147 months' imprisonment (87 months on Count 1 and a consecutive 60 months on Count 3). The later crack cocaine amendment to the sentencing guidelines

resulted in Mr. Aldridge's sentenced being reduced to 130 months' imprisonment (70 months on Count 1 and a consecutive 60 months on Count 3).

Mr. Aldridge now challenges his mandatory minimum sentence under § 924(c) as unconstitutional because, he says, mandatory minimum sentences "against a first time, non-violent offender" violate the Eighth Amendment prohibition on cruel and unusual punishment. Petition, at 4 [Doc. No. 50]. Mr. Aldridge also claims the indictment against him was defective for not containing signatures of the jury foreperson and U.S. Attorney (even though the indictment on the docket is properly signed) and for not spelling out in each count the penalties he could face if convicted. Mr. Aldridge adds in a generic charge of ineffective assistance of counsel when discussing the indictment's silence regarding potential penalties.

The rules governing § 2255 petitions require prompt review by the court.

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (February 1, 2010).

Mr. Aldridge expressly waived his right to pursue any post-conviction relief, including, but not limited to, a proceeding under § 2255. Plea Agreement, at ¶ 8(d) [Doc. No. 21]. Mr. Aldridge presents no facts or evidence to show his waiver was not knowing and voluntary or that he received ineffective assistance of counsel

with respect to that waiver. *See* Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).

Additionally, Mr. Aldridge's claims are time-barred by the one year statute of limitations for filing § 2255 petitions. 28 U.S.C. § 2255(f). Mr. Aldridge's judgment became final more than five years ago, on January 30, 2006. Mr. Aldridge presents no reason to toll the one year statute of limitations on his petition.

Accordingly, the court summarily DENIES Mr. Aldridge's petition for habeas relief [Doc. No. 50].

SO ORDERED.

ENTERED:  June 16, 2011 

                                                /s/ Robert L. Miller, Jr. 
                                              Judge
                                              United States District Court